PER CURIAM.
Johnnie H. Clay, Jr. seeks review of the November 12, 1999, decision of the United States Court of Appeals for Veteran Claims (“CAVC”) denying him the benefits he seeks in 16 claims. We vacate and remand in part, and affirm in part.
I. Claims 1-6
While this case was on appeal, President Clinton signed into law the Veterans Claims Assistance Act of 2000, Pub.L. No. 106^175, 114 Stat. 2096, which eliminates *873 the requirement of a well-grounded claim. The statute is expressly applicable to pending cases such as this one. Because the basis for the CVAC’s denial of Clay’s claims 1-6 was, in whole or in part, premised on these claims not being well grounded, we vacate the decision of the CVAC with respect to those claims. Claims 1-6 are remanded for reconsideration under the new statute.
II. Claims 7-16
This court has limited jurisdiction to review the decisions of the CAVC. We may only review final decisions of the CAVC. 38 U.S.C. § 7292(a). Moreover, our authority is limited to deciding questions of law, including interpreting constitutional and statutory provisions. We can set aside a regulation or interpretation of a regulation relied on by the CAVC which we find to be: “(a) arbitrary, capricious and abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitation, or in violation of a statutory right; or (d) without observance of procedure required by law.” Id. Except to the extent that an appeal presents a constitutional issue, however, this court may not review a factual determination or the application of a law or regulation to a specific set of facts. 38 U.S.C. § 7292(d)(2).
With respect to claims 12 and 15, the CAVC held that it had no jurisdiction to review these claims because no final decision had been reached by the Board of Veterans’ Appeals (BVA). Because the CAVC has not entered a final decision on claims 12 and 15, we have no jurisdiction to review them. 38 U.S.C. § 7292(a).
The CAVC remanded claim 11 for review by the BVA; at the time of the present appeal to this court, the BVA’s decision on claim 11 has not been appealed to the CAVC. Therefore, because the CAVC has not entered a final decision with respect to claim 11, we have no jurisdiction to review this claim. 38 U.S.C. § 7292(a).
The CAVC deemed claims 7 and 12 to be abandoned. Clay has not raised these claims in the present appeal, and there is no evidence on the record to suggest that the CAVC interpretation of abandonment was arbitrary, capricious or abuse of discretion. 38 U.S.C. § 7292(d)(1) Therefore, we affirm the CAVC decision that claims 7 and 12 have been abandoned.
The CAVC denied claims 8, 9, 10, 13, and 16 on the basis that the BVA decision was not clearly erroneous. To the extent that these claims involve something other than the decision of factual issues or the application of statutory or regulatory provisions to the facts of this case, there is no evidence on the record that the CAVC decision with respect to these claims was arbitrary, capricious or abuse of discretion. 38 U.S.C. § 7292(d)(1). Therefore, we affirm the CVAC’s denial of claims 8, 9, 10, 13, and 16.